UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-80-GWU

RICKY L. LYONS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Ricky Lyons brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

      Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

08-80 Ricky L. Lyons

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Lyons, a 47-year-old former heavy equipment operator with a "limited" education, suffered from a back impairment. (Tr. 13). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 16-17). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 17-18). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 17).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Donald Woolwine included such restrictions as an exertional limitation to light level work, restricted

from a full range by such non-exertional limitations as (1) an inability to more than occasionally stoop, bend, or crouch; (2) an inability to ever climb ladders, ropes or scaffolds; (3) a need to avoid exposure to vibrations; and (4) a "moderate" limitation of ability to maintain attention and concentration for extended periods. (Tr. 322-323). In response, Woolwine identified a significant number of jobs which could still be performed. (Tr. 323). The ALJ later added a sit/stand option in one-hour intervals. (Id.). The witness testified that this restriction would reduce the previously cited job numbers but indicated that a significant number of jobs would remain available. (Tr. 324). Therefore, assuming that the vocational factors considered by Woolwine fairly depicted Lyons's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Lyons's condition as required by <u>Varley</u>. Dr. James Powell, the plaintiff's treating neurosurgeon, noted that he was suffering from a herniated nucleus pulposus with L5-S1 lumbar retrolisthesis in May of 2003. (Tr. 207). Dr. Powell performed an L5-S1 posterior lumbar interbody fusion. (Tr. 101). The patient returned to Dr. Powell for follow-up in July of 2003, at which time he reported experiencing significant pain relief. (Tr. 206). He was noted to be walking two miles a day. (Id.). The doctor imposed a 25-pound weight-lifting restriction and a need to avoid activities such as four-wheeling. (Id.). The claimant was seen again in August of 2003, at which time the physician noted that

8

he needed to remain off work from his job of heavy equipment operator. (Tr. 205). An x-ray revealed good alignment of his surgical screws and cages. (Id.). The doctor reiterated the restrictions concerning a 25-pound weight-lifting restriction and a need to avoid vibratory equipment. (Id.). Lyons was noted to be experiencing only minor aches and morning stiffness in November of 2003. (Tr. 204). In February of 2004, Dr. Powell referred the plaintiff for vocational rehabilitation. (Tr. 203). In April of 2004, the physician released the claimant to "return to gainful employment as desired." (Tr. 202). The hypothetical question presented by the ALJ was consistent with Dr. Powell's limitations concerning lifting no more than 25 pounds and avoiding exposure to vibrations. Therefore, his opinion provides strong support for the administrative decision.

      Dr. David Swan (Tr. 211-221) and Dr. Timothy Gregg (Tr. 252-259), the non-examining medical reviewers, each opined that Lyons would be limited to light level work, restricted from a full range by an inability to ever climb ladders, ropes or scaffolds, an inability to more than occasionally stoop or crouch, and a need to avoid concentrated exposure to vibration. The hypothetical question was compatible with these limitations as well. The plaintiff asserts that Dr. Swan overruled Dr. Powell's opinion because he disagreed with the physician's decision

08-80  Ricky L. Lyons

to release him to return to work without restrictions.[1]  (Tr. 221).  However, the hypothetical question was still consistent with the opinions of both physicians and, so, the undersigned finds no error.

The record before the ALJ also contained exhibits from the Grayson Family Care Center (Tr. 84-90) and Dr. Leon Briggs (Tr. 91-98).  Dr. Briggs took the plaintiff off work in May of 2003 until he could see a neurosurgeon.  (Tr. 91).  Neither of these sources identified more severe long-term functional restrictions than those presented in the hypothetical question.  Therefore, these reports also do not support Lyons's disability claim.

Dr. Ira Potter, another treating source, completed a Medical Assessment of Ability to do Work-Related Activities Form upon which he identified some very severe physical limitations including an inability to lift more than 10 pounds occasionally, to stand or walk for more than a total of two hours a day and an inability to sit for more than a total of three hours a day.  (Tr. 267-268).  The ALJ rejected this opinion because Dr. Potter did not provide sufficient objective medical data to support the opinion and it was contrary to the opinion of Dr. Powell, the treating neurosurgeon.  (Tr. 16).  The ALJ's actions appear appropriate.

---

[1] The report referred to a Dr. Howell, which appears to have been a typographical error.  (Tr. 220).

10

08-80 Ricky L. Lyons

Lyons argues that Dr. Powell's opinion was not entitled to the superior weight accorded a treating physician because he was not currently treating him. As previously noted, Dr. Powell released the plaintiff from care in April of 2004. However, this was still within the time period pertinent to this appeal and the doctor provided treatment numerous times during the relevant time frame.[2] Therefore, the physician definitely was a treating source and his opinion was entitled to superior weight.

Lyons makes a number of arguments as to why the ALJ erred in finding that he was not credible. (Tr. 15). However, his arguments relate primarily to evidence that was not before the ALJ.

Lyons submitted a number of medical records directly to the Appeals Council which were never seen by the ALJ. This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). The statute provides

---

[2] The plaintiff alleged a disability onset date of May 6, 2003 on his DIB application. (Tr. 50). The relevant time period runs from this date through the May 6, 2006 date of the ALJ's final decision.

08-80  Ricky L. Lyons

that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.  Thus, the new evidence must be "material" and "good cause" must be shown why it was not previously submitted.

The medical records with which Lyons seeks a remand of the action consist of treatment notes from the St. Claire Medical Center dated between December, 2000, and September, 2006 (Tr. 279-284, 291-292), treatment notes from the Elliott County Medical Center dated September, 2006 (Tr. 285-288), and treatment notes from Dr. Philip Tibbs dated September, 2006 (Tr. 289-290).  The plaintiff has offered no explanation as to why these records were not obtained prior to the issuance of the ALJ's final decision on May 11, 2006.  While most of these records were not in existence at the time of this decision, such, by itself, does not satisfy the "good cause" test and a valid reason for failure to obtain the evidence must still be shown. Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir. 1986).  Furthermore, the records arguably indicate a deterioration in the claimant's condition after the ALJ's final decision and, so, are of questionable

08-80  Ricky L. Lyons

"materiality."  Therefore, the claimant has failed to meet either the "good cause" or "materiality" requirements and remand for the taking of new evidence is not appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of April, 2009.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**